# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

---

KATHY REAVES,
  Plaintiff,

v.

JEFFREY JAMES;
 NICHOLE TILLEY;
 LeVAR MIZELLE;
 BILLIE BERRY;
 CHAD PARKER;
 LISA HARTMAN;
 IREDELL-STATESVILLE SCHOOLS;
 IREDELL COUNTY BOARD OF EDUCATION;
 STACEY J. BLACKWELL (A.B.);
 DORIS CHICAS (D.C.P.);
 MARTA E. PAZ DE VARGAS (S.V.P.);
 LaSARAH JACKSON (D.J.);
 KELLY LOPEZ-HERNANDEZ (J.L.);
 JESSICA W. PARKER (Q.P.);
 VICTOR LOPEZ (B.L.M.),
  Defendants.

**FILED**
Statesville, NC

DEC 1 5 2025

Clerk, US District Court
Western District of NC

**Case No. 5:25-cv-206**

---

## COMPLAINT

Plaintiff Kathy Reaves brings this action against the Defendants named above and alleges as follows:

## PARTIES

1. **Plaintiff Kathy Reaves** ("Plaintiff") is a resident of Mecklenburg County, North Carolina. At all relevant times, Plaintiff was employed as a certified staff member under contract with the State of North Carolina and assigned to Statesville High School within the Iredell-Statesville Schools ("ISS") district.

2. **Defendant Jeffrey James** ("James") is employed by the Iredell-Statesville Board of Education and serves as the Superintendent. He is sued in his individual and official capacities.

3. **Defendant Billie Berry** ("Berry") is employed by the Iredell-Statesville Board of Education and serves as the Deputy Superintendent. She is sued in her individual and official capacities.

4. **Defendant LeVar Mizelle** ("Mizelle") is employed by the Iredell-Statesville Board of Education and serves as the Director of Human Resources. He is sued in his individual and official capacities.

5. **Defendant Chad Parker** ("Parker") is employed by the Iredell-Statesville Board of Education and serves as Principal of Statesville High School. He is sued in his individual and official capacities.

6. **Defendant Nicolle Tilley** ("Tilley") is employed by the Iredell-Statesville Board of Education and serves as Director of Employee Relations. Upon information and belief, Tilley carried out or directed disciplinary action against Plaintiff, a certified employee under state contract. She is sued in her individual and official capacities.

7. **Defendant Lisa Hartman** ("Hartman") is employed by the Iredell-Statesville Board of Education and is sued in her individual and official capacities.

8. **Defendant Iredell-Statesville Schools** ("School District" or "ISS") is a public school district located in Iredell County, North Carolina, serving the residents of Iredell County. It is a local education agency subject to suit.

9. **Defendant Iredell County Board of Education** ("ICBOE") is the governing body of Iredell-Statesville Schools and is the employer of all certified personnel named as Defendants. ICBOE is subject to the jurisdiction of this Court.

10. **Defendant Stacey J. Blackwell** ("Blackwell") is a resident of Iredell County and is subject to the jurisdiction of this Court.

11. **Defendant Doris Chicas** ("Chicas") is a resident of Iredell County and is subject to the jurisdiction of this Court.

12. **Defendant Marta E. Paz De Vargas** ("Paz De Vargas") is a resident of Iredell County and is subject to the jurisdiction of this Court.

13. **Defendant LaSarah Jackson** ("Jackson") is a resident of Iredell County and is subject to the jurisdiction of this Court.

2

14. **Defendant Kelly Lopez-Hernandez** ("Lopez-Hernandez") is a resident of Iredell County and is subject to the jurisdiction of this Court.

15. **Defendant Victor Lopez** ("Lopez") is a resident of Iredell County and is subject to the jurisdiction of this Court.

16. Defendants **James, Berry, Mizelle, Parker, Tilley, and Hartman** are sued in both their **individual** and **official** capacities for actions taken under color of state law.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**, and involves alleged violations of Plaintiff's rights secured by the **First** and **Fourteenth Amendments**.

2. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3)–(4), as Plaintiff seeks redress for the deprivation of civil rights under color of state law, including alleged violations of Plaintiff's First Amendment rights, Due Process rights, and related constitutional protections.

3. The Court has supplemental jurisdiction over Plaintiff's related state-law claims—including civil conspiracy and wrongful termination—pursuant to **28 U.S.C. § 1367**, as those claims arise from the same nucleus of operative facts as the federal claims.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the Western District of North Carolina, Statesville Division, under **28 U.S.C. § 1391(b)** because:
   a. the events and omissions giving rise to the claims occurred within this District and Division; and
   b. the Defendants reside in, are employed in, or conduct official business within this District.

## Dynamics of Associations and Affiliations Among Defendants JAMES (Superintendent), PARKER(Principal), BERRY( Deputy Superintendent), AND MIZELLE (Human Resources Director)

17. Plaintiff alleges that various Defendants employed by Iredell-Statesville Schools maintain close professional relationships, prior associations, and informal alliances stemming from their employment in previous school districts. Plaintiff asserts that these affiliations created biased, prejudicial, and hostile conditions that contributed to the intentional

3

infliction of emotional distress and unfair treatment she experienced during her employment beginning in October 2025.

18. Upon information and belief, Defendant **Jeffrey James**, Superintendent, and Defendant **Chad Parker**, Principal of Statesville High School, previously worked together in Stanly County Schools. Plaintiff alleges that this prior association contributed to coordinated actions taken during the events at issue.

19. Plaintiff further alleges that Defendant **Billie Berry**, Deputy Superintendent, and Defendant **LeVar Mizelle**, Director of Human Resources, share a longstanding professional relationship originating from their employment with Camden County Schools, where Berry served as Director of Human Resources and Mizelle served as a Principal. Plaintiff asserts that Berry was hired first by Iredell-Statesville Schools and thereafter facilitated the hiring of Mizelle into a Human Resources leadership role.

20. Plaintiff states that in October 2025, she attempted to file a **GBK grievance** against Defendant Mizelle concerning his alleged conduct involving the improper disclosure of her personnel file to the Director of CTE, Tim Woody, and his secretary, despite their lack of affiliation with Human Resources. Plaintiff contends that when she attempted to initiate this grievance, Mizelle improperly referred her to his colleague and former coworker Defendant Berry, who, due to her relationship with Mizelle, could not act as an impartial decision maker.

21. Plaintiff further alleges that Defendant **Nicolle Tilley**, Director of Employee Relations, previously served as an assistant principal within the district and lacks the authority, training, or legal jurisdiction to impose disciplinary action on certified employees under state contract. Plaintiff asserts that under North Carolina law, only the Superintendent has authority to issue adverse employment actions against certified staff members.

22. Plaintiff alleges that Defendants Tilley and Parker, acting in concert and relying on their personal associations with Superintendent James, wrongfully attempted to place Plaintiff on a "suspension" following a student walkout during Plaintiff's first block class. Plaintiff states that this action was taken without proper written notice, without presentation of a disciplinary letter, and without identifying the basis of the alleged adverse action. Plaintiff asserts that this violated Board policy, Due Process rights under the Fourteenth Amendment, and North Carolina law.

23. Plaintiff alleges that Defendant Tilley failed to exercise the required duty of care by attempting to deliver adverse action without any written documentation, while Defendant Parker improperly demanded the surrender of Plaintiff's badge, despite lacking authority to do so. Plaintiff further contends that administrative leave with pay for a certified teacher may only be issued by the Superintendent, rendering the actions of Defendants Tilley and Parker unlawful and outside their jurisdiction.

4

24. Plaintiff asserts that these coordinated actions demonstrate negligence, gross negligence, and disregard for statutory authority and due process protections, resulting in significant harm to Plaintiff.

## Dynamics of Staged Student Walkout and Retaliatory Conduct by Defendants

Plaintiff alleges that the school district is investigating a so-called "staged walkout" involving seven high school freshman students. These students, all identified below, engaged in disruptive conduct after the Plaintiff held them accountable for failing to complete classwork. The students allegedly conspired to "get the teacher fired," claiming that the Plaintiff exhibited racial bias and made racially motivated remarks toward a male student who exited the classroom after interfering in a conversation with a female student participant in the walkout.

Specifically, three female students – two Hispanic and one Black – reportedly exclaimed, "Oh no! We're going to get you fired!" and left the classroom to report the incident to Defendant Parker. Following this, two Black male students became involved, using profanity, calling the Plaintiff derogatory names, and threatening her employment.

The students are described as follows:

1. **A.B.**, Black female, 9th grade, recently returned from an alternative school, has a history of disciplinary issues, including use of profanity, physical aggression toward peers, and prior suspension for fighting. Participated in the walkout. Defendant Blackwell is the parent of A.B. She was a participant in the staged walkout.

2. **S.V.P.**, Hispanic female, 9th grade, exhibited ongoing disruptive conduct and participated in the walkout. Defendant Paz DeVargas is the parent. She was a participant in the stage walkout.

3. **B.L.M.**, Hispanic female, 9th grade, involved in the walkout, follows the disruptive behavior of A.B. and S.V.P. Defendant Lopez is the parent. She was a participant in the staged walkout.

4. **D.C.**, Hispanic male, 9th grade, refused assigned seating, walked out of class, used profanity toward the Plaintiff, and had a cousin (not enrolled in the Plaintiff's classes) enter the classroom to threaten the Plaintiff. Defendant Chicas is the parent.

5. **D.J.**, Black male, 9th grade, intervened in a conversation unrelated to him, threatened the Plaintiff, and engaged in aggressive conduct. Defendant Jackson is the parent.

6. **Q.I.**, Black male, 9th grade, involved in the walkout, threatened the Plaintiff as recently as December 8, 2025, and has a pending assault charge in Iredell County District Court.

7. **J.L.,** a Hispanic male, 9th grade, participated in the walkout and is believed to be part of the conspiracy against the Plaintiff.

Plaintiff alleges that the school district lacks any evidentiary support for claims of discrimination or racial misconduct and has not formally issued a discrimination charge under Title IX or other federal law. Moreover, Defendants' actions, including emailing a suspension letter over an unsecured server, constitute violations of the Plaintiff's constitutional and contractual rights, including:

- First Amendment Freedom of Speech

- Due Process under the Fourteenth Amendment

- Contractual obligations as Teacher of Record

Plaintiff asserts that Defendants Parker and Talley targeted her in retaliation for her enforcement of academic accountability and her prior filing of a GBK grievance against Defendant Mizelle, which was improperly handled by Deputy Superintendent Berry. Additionally, Defendants interfered with her contractual duties by denying access to payroll and necessary credentials while on approved leave, violating state and federal law.

The Plaintiff further alleges that Defendants' actions constitute:

- Violation of §1983 (civil rights under federal law)

- Civil conspiracy

- Defamation

- Wrongful termination/suspension

- Intentional infliction of emotional distress

Plaintiff seeks an injunction preventing Defendants from manipulating, changing, or falsifying grades for the students involved in the alleged conspiracy, and any further relief deemed appropriate by this Court, to preserve the integrity of her teaching duties and the academic record.

6

## STATEMENT OF FACTS

1. Plaintiff Kathy Reaves is a certified teacher employed under contract with the State of North Carolina, assigned to Statesville High School, Iredell County.

2. On or about December 2025, seven 9th-grade students (A.B., S.V.P., B.L.M., D.C., D.J., Q.I., and J.L.) staged a walkout during Plaintiff's First Block class. The students were disgruntled because Plaintiff held them accountable for missing assignments and failure to complete classwork.

3. The walkout was accompanied by threats to "get the teacher fired" and accusations of alleged racial misconduct by Plaintiff toward a male student who had exited the room.

4. Following the walkout, two additional students engaged in aggressive conduct, using profanity, derogatory language, and further threats against Plaintiff.

5. Plaintiff asserts that all seven students have missing assignments, are failing the class, and have not provided evidence of any completed work.

6. Defendants Parker and Talley allegedly attempted to place Plaintiff on administrative leave without proper authority, without providing a written notice detailing the disciplinary action, and without compliance with due process requirements under North Carolina law and the Fourteenth Amendment.

7. Defendant Tilley, Director of Employee Relations, lacked authority under state law to impose disciplinary action against a certified teacher; only the Superintendent, Defendant James, has the authority to do so.

8. Plaintiff alleges that Defendants Parker, Talley, and others acted in concert with the Superintendent and Deputy Superintendent to retaliate against her in violation of federal and state law, including her First Amendment rights.

9. Plaintiff previously filed a GBK grievance against Defendant Mizelle regarding the unauthorized sharing of her personnel file. Plaintiff asserts that Deputy Superintendent Berry improperly handled the grievance due to a conflict of interest.

10. Plaintiff further alleges that the school district interfered with her contractual duties by denying her access to payroll and work-related credentials during approved leave, causing significant professional and emotional harm.

11. The actions of the Defendants constitute violations of:

- 42 U.S.C. § 1983 (civil rights)

7

- Civil conspiracy

- Defamation

- Wrongful termination/suspension

- Intentional infliction of emotional distress

12. Plaintiff seeks injunctive relief prohibiting the school district and its agents from manipulating or altering student grades related to the walkout, as well as any additional relief deemed appropriate by the Court.

## Factual Basis for First Amendment Retaliation

Plaintiff, in the course of her professional duties as a certified teacher, maintained classroom discipline and held students accountable for completing their assignments. On or about December 8, 2025, seven ninth-grade students staged a walkout during Plaintiff's class in response to her enforcement of academic standards and classroom rules. These students, displeased with being held accountable, conspired to falsely accuse Plaintiff of discriminatory and racially biased behavior.

Defendants Parker, Talley, and others, aware of the students' coordinated actions, improperly intervened in Plaintiff's employment by attempting to place her on administrative leave without due process, accepting unverified and speculative claims, and threatening Plaintiff's ability to perform her duties. This conduct was taken in direct retaliation against Plaintiff for exercising her professional judgment and maintaining lawful classroom standards, all of which constitute protected speech under the First Amendment.

Plaintiff's actions, including the enforcement of classroom rules and the refusal to award unearned grades, were lawful and a core part of her job responsibilities. The retaliatory measures taken by Defendants were intended to coerce her into altering her professional decisions and to suppress her exercise of constitutionally protected rights, thereby causing Plaintiff significant emotional distress, interference with contractual duties, and reputational harm.

## Count I – First Amendment Retaliation - Defendant/Parents

Plaintiff Kathy Reaves incorporates the foregoing paragraphs as if fully set forth herein.

Plaintiff, in the course of her professional duties as a certified teacher at Statesville High School, exercised her constitutional rights under the First Amendment by enforcing lawful classroom rules, holding students accountable for completing their assignments, and maintaining discipline. On or about December 8, 2025, seven ninth-grade students staged a walkout during Plaintiff's class in retaliation for being held accountable for missing assignments and disruptive behavior.

8

The students involved in the staged walkout and subsequent harassment were:

1. **A.B.** – Black female student, ninth grade, recently returned from an alternative school setting; engaged in disruptive behavior, profanity, and threats. **Defendant Stacy J. Blackwell** is the parent. She is a participant in the staged walkout.

2. **S.V.P.** – Hispanic female student, ninth grade; engaged in disruptive behavior and participated in the staged walkout. **Defendant Marta E. Paz De Vargas** is the parent. She is a participant in the staged walkout.

3. **B.L.M.** – Hispanic female student, ninth grade; follower of A.B. and S.V.P., also engaged in disruptive behavior. **Defendant Victor Lopez** is the parent. This student participated in the staged walkout.

4. **D.C.** – Hispanic male student, ninth grade; disrupted class, used profanity, left the room, and directed a relative to threaten Plaintiff. **Defendant Doris Chicas** is the parent.

5. **D.J.** – Black male student, ninth grade; engaged aggressively, threatened Plaintiff, and participated in the conspiracy to "get her fired." **Defendant LaSarah Jackson** is the parent.

6. **Q.I.** – Black student, ninth grade; harassed Plaintiff and participated in the conspiracy to terminate her. **Defendant Jessica W. Parker** is the parent.

7. **J.L.** – Hispanic male student, ninth grade; engaged in the staged walkout and disruptive behavior. **Defendant Kelly Lopez-Hernandez** is the parent.

These students, acting in coordination, falsely alleged that Plaintiff had made discriminatory and racially biased remarks toward a male student who had left the room. In response, Defendants Chad Parker, Nicolle Talley, and other employees of the Iredell Statesville School District wrongfully attempted to place Plaintiff on administrative leave. Defendants acted without authority, relied on speculative and unverified statements, and interfered with Plaintiff's professional duties as the Teacher of Record.

Plaintiff's enforcement of classroom rules, holding students accountable for missing work, and maintaining order in her classroom constitute protected speech under the First Amendment. Defendants' retaliatory actions—including the improper issuance of administrative leave, threats to Plaintiff's employment, and interference with her ability to grade students fairly—were taken in direct response to Plaintiff's exercise of these protected rights.

As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and continues to suffer emotional distress, reputational harm, interference with her contractual duties, and other damages.

9

Plaintiff respectfully requests that this Court:

1. Issue an injunction prohibiting Defendants from retaliating against Plaintiff, altering or manipulating grades, or interfering with her professional duties;

2. Award compensatory and punitive damages as permitted under federal law;

3. Grant any other relief the Court deems just and appropriate.

## COUNT II – FIRST AMENDMENT RETALIATION - DEFENDANTS JAMES, PARKER, TALLEY, MIZELLE, ISS, and ISS-BOE

14. Plaintiff realleges and incorporates all preceding paragraphs.

15. Plaintiff's actions, including enforcing classroom rules, holding students accountable, and filing a GBK grievance, constitute protected speech under the First Amendment.

16. Defendants, acting under color of state law, retaliated against Plaintiff by attempting to remove her from her classroom, block her access to duties, and coerce her into compliance with student demands.

17. Defendants' actions were intentional and without legal justification, causing Plaintiff damages including emotional distress, reputational harm, and contractual interference.

---

## COUNT III – VIOLATION OF SECTION 1983 / DUE PROCESS

18. Plaintiff realleges all preceding paragraphs.

19. Defendants, acting under color of state law, violated Plaintiff's rights to procedural and substantive due process under the Fourteenth Amendment by:

- Failing to provide proper notice of adverse employment action;

- Attempting to place Plaintiff on administrative leave without proper authority;

- Interfering with Plaintiff's contractual duties as Teacher of Record.

---

## COUNT IV – CIVIL CONSPIRACY

20. Plaintiff realleges all preceding paragraphs.

21. Defendants conspired to:

- Remove Plaintiff from her classroom;

- Interfere with her grading and classroom duties;

- Retaliate against her for filing grievances and enforcing rules;

- Manipulate grades for students refusing to complete assignments.

22. These acts were intentional, unlawful, and caused Plaintiff damages.

---

## COUNT V – DEFAMATION

23. Plaintiff realleges all preceding paragraphs.

24. Defendants, including students and their parents, made false statements alleging racial bias and misconduct by Plaintiff.

25. These statements were published to school administration and others, causing reputational harm and emotional distress.

---

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiff realleges all preceding paragraphs.

27. Defendants' conduct was extreme, outrageous, intentional, and carried out with reckless disregard for Plaintiff's well-being.

28. Plaintiff has suffered severe emotional distress, anxiety, and harm to her professional reputation.

---

11

## COUNT VII – WRONGFUL TERMINATION / SUSPENSION

29. Plaintiff realleges all preceding paragraphs.

30. Defendants Parker and Tilley, without authority, attempted to place Plaintiff on administrative leave in violation of North Carolina law and her employment contract.

31. This act constitutes wrongful suspension/termination under state law and a violation of Plaintiff's contractual rights.

## COUNT VIII – NEGLIGENT SUPERVISION AND TRAINING AGAINST IREDELL STATESVILLE SCHOOLS

37. Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. Defendant Iredell Statesville Schools, as the governing school district, owed a duty to Plaintiff, as a certified employee, to properly supervise, manage, and train its administrative staff and employees, including but not limited to Defendants Parker, Tilley, Talley, Hartman, and others, to ensure compliance with federal and state law, school board policies, contractual obligations, and constitutional rights.

39. Defendant Iredell Statesville Schools breached this duty by:
    a. Failing to properly supervise employees who wrongfully attempted to place Plaintiff on administrative leave without proper authority;
    b. Failing to implement adequate training programs for employees regarding due process, Title IX obligations, First and Fourteenth Amendment rights, and the proper handling of disciplinary actions for certified staff;
    c. Allowing employees to engage in retaliatory actions, interference with contractual duties, and violations of Plaintiff's constitutional rights;
    d. Failing to maintain and enforce policies that prevent violations of employees' rights under federal and state law.

40. As a direct and proximate result of Defendant Iredell Statesville Schools' negligent supervision and training, Plaintiff suffered damages, including but not limited to:
    a. Emotional distress and reputational harm;
    b. Interference with her contractual duties and responsibilities as Teacher of Record;
    c. Violations of constitutional rights;
    d. Other compensatory damages as determined at trial.

41. The negligence of Defendant Iredell Statesville Schools in failing to supervise and train its employees was a direct cause of Plaintiff's injuries and damages.

12

## COUNT IX – NEGLIGENCE AGAINST DEFENDANT CHAD PARKER

42. Plaintiff realleges and incorporates by reference all preceding paragraphs.

43. Defendant Chad Parker, in his capacity as Principal of Statesville High School, owed a duty to Plaintiff, as a certified employee, to act with reasonable care in the supervision of students and staff, and to ensure that all disciplinary actions taken against certified employees were lawful, properly authorized, and compliant with federal and state law, including constitutional protections and contractual obligations.

44. Defendant Parker breached this duty by:
    a. Participating in or allowing the wrongful placement of Plaintiff on administrative leave without proper authority;
    b. Accepting and acting upon hearsay statements from students without conducting a proper investigation;
    c. Failing to protect Plaintiff from disruptive, threatening, and retaliatory behavior by students under his supervision;
    d. Engaging in conduct influenced by prior personal and professional relationships with other administrators, which interfered with Plaintiff's rights and contractual obligations;
    e. Failing to follow due process protocols required under state law and Board policy when disciplining a certified employee.

45. As a direct and proximate result of Defendant Parker's negligence, Plaintiff suffered damages, including but not limited to:
    a. Emotional distress and humiliation;
    b. Interference with her duties and responsibilities as Teacher of Record;
    c. Violation of her constitutional rights under the First and Fourteenth Amendments;
    d. Other compensatory damages as proven at trial.

46. Defendant Parker's negligence was a direct and proximate cause of the harm and injuries sustained by Plaintiff.

## COUNT X – NEGLIGENCE AGAINST DEFENDANTS LEVAR MIZELLE AND BILLIE BERRY

47. Plaintiff realleges and incorporates by reference all preceding paragraphs.

48. Defendants LeVar Mizelle, in his capacity as Human Resources Director, and Billie Berry, in her capacity as Deputy Superintendent, owed a duty to Plaintiff, as a certified employee of the Iredell Statesville School District, to exercise reasonable care in supervising and managing personnel matters, ensuring compliance with federal and state law, and providing a fair and impartial process for grievances and disciplinary actions.

13

49. Defendants Mizelle and Berry breached this duty by:

   a. Allowing Plaintiff's personnel file to be shared improperly without her knowledge or consent;

   b. Failing to provide impartial investigation or review when Plaintiff attempted to file a GBK grievance against Defendant Mizelle, instead referring her to a conflicted party;

   c. Participating in or enabling retaliatory actions against Plaintiff, including interference with payroll, access to work credentials, and contractual duties;

   d. Failing to properly train and supervise subordinate administrators regarding lawful procedures for disciplinary actions, grievance handling, and employee rights;

   e. Acting in concert with other defendants to wrongfully initiate administrative leave or suspension actions against Plaintiff without proper authority or due process.

50. As a direct and proximate result of the negligence of Defendants Mizelle and Berry, Plaintiff suffered:

   a. Emotional distress and humiliation;

   b. Interference with her contractual obligations as Teacher of Record;

   c. Violation of her constitutional rights under the First and Fourteenth Amendments;

   d. Financial and professional harm;

   e. Other compensatory damages to be proven at trial.

51. Defendants Mizelle and Berry's negligence was a direct and proximate cause of Plaintiff's injuries.

## COUNT XI – NEGLIGENCE

Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

1. Defendants James, Parker, Talley, Hartman, Mizelle, Berry, and the parent defendants owed a duty of care to Plaintiff in the following capacities:

   a. To supervise, train, and monitor employees and school personnel to ensure that Plaintiff's contractual and constitutional rights as a certified teacher were protected;

   b. To properly implement and follow school district policies and state law regarding disciplinary actions against certified employees;

   c. To ensure that minor students under their authority or supervision did not interfere with the performance of Plaintiff's professional duties or create a hostile work environment;

   d. To exercise reasonable care to prevent the dissemination of false statements, harassment, or intimidation by students and/or parents.

2. Defendants breached their duties in the following ways:

   a. Defendant James failed to adequately supervise and train employees, resulting in unauthorized disciplinary actions, interference with Plaintiff's contractual duties, and violation of her constitutional rights;

   b. Defendant Parker, as principal, failed to properly supervise students and staff, participated in wrongful administrative actions, and failed to follow proper procedures for

14

disciplinary measures, including unauthorized administrative leave and seizure of Plaintiff's badge;

c. Defendants Talley and Hartman acted outside their authority, improperly placing Plaintiff on administrative leave and failing to provide proper notice of adverse actions, violating due process requirements;

d. Defendants Mizelle and Berry, in their roles in Human Resources, failed to ensure fair and impartial grievance procedures, improperly interfered with Plaintiff's payroll and contractual obligations, and facilitated retaliatory actions against Plaintiff;

e. The parent defendants failed to supervise their minor children, who engaged in disruptive behavior, staged a walkout, threatened Plaintiff, and made false allegations, thereby contributing to a hostile work environment and interference with Plaintiff's contractual and professional duties.

3. As a direct and proximate result of the negligence of all defendants, Plaintiff suffered the following harms:
   a. Emotional distress and mental anguish;
   b. Interference with her contractual duties and obligations as a certified teacher;
   c. Damage to her professional reputation;
   d. Loss of rights under federal and state law, including due process and First Amendment protections; and
   e. Other compensable damages as proven at trial.

**WHEREFORE**, Plaintiff requests that this Court:

1. Award compensatory and punitive damages against all negligent defendants;

2. Issue injunctive relief preventing further interference with Plaintiff's contractual duties and protection of her rights; and

3. Grant any other relief deemed just and proper.

## COUNT XII– CIVIL CONSPIRACY AND FIRST AMENDMENT/SECTION 1983 VIOLATIONS

Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

1. At all relevant times, Defendants James, Parker, Talley, Hartman, Mizelle, Berry, and other named defendants acted in concert and under color of state law to deprive Plaintiff of her federally protected rights under the United States Constitution, specifically:

   a. **The First Amendment**, which protects Plaintiff's freedom of speech, including her right to communicate professionally about student behavior, classroom management, and educational matters without retaliation;
   b. **The Fourteenth Amendment**, guaranteeing due process and equal protection,

including her right to notice, hearing, and proper procedural safeguards before any adverse employment action;

c. Federal and state statutory protections related to employment of certified teachers, including Title IX and North Carolina employment law.

2. Defendants conspired to retaliate against Plaintiff for exercising her constitutional rights and performing her contractual duties by:

a. Wrongfully attempting to place her on administrative leave without proper authority, notice, or due process;

b. Seizing school property, including her identification badge, without legal authorization;

c. Interfering with her professional duties as Teacher of Record, including grading, communicating with parents, and maintaining classroom discipline;

d. Shielding and supporting students engaged in disruptive, harassing, and threatening behavior, including false allegations of racism and other misconduct, thereby creating a hostile work environment;

e. Using her complaints, grievances, and lawful exercise of professional judgment as pretext to target her for adverse employment actions.

3. The Defendants' actions directly targeted Plaintiff's speech and professional conduct that is protected under the First Amendment, including her efforts to:

a. Hold students accountable for failing to complete assignments;

b. Communicate with parents regarding student performance and behavior;

c. Report violations of school policy and ensure compliance with educational standards.

4. As a direct and proximate result of Defendants' conspiracy and retaliatory actions:

a. Plaintiff's constitutional rights under the First and Fourteenth Amendments were violated;

b. Plaintiff suffered emotional distress, reputational harm, and interference with her contractual and professional duties;

c. Plaintiff was placed in a hostile work environment and denied procedural protections guaranteed by law;

d. Plaintiff was forced to expend time, resources, and effort to defend against false and conclusory allegations.

5. The acts and omissions of Defendants were intentional, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights, constituting violations of **42 U.S.C. § 1983**.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Award compensatory and punitive damages for violations of her constitutional and statutory rights;

2. Issue a permanent injunction preventing Defendants from retaliating against Plaintiff or interfering with her contractual duties;

3. Grant declaratory relief affirming Plaintiff's First and Fourteenth Amendment rights;

4. Provide any other relief this Court deems just and proper.

## COUNT XIII – TITLE IX AND FEDERAL ANTI-DISCRIMINATION VIOLATIONS

Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

1. At all relevant times, Defendants James, Parker, Talley, Hartman, Mizelle, Berry, the School District, and the Iredell County Board of Education acted under color of law and as agents of a federally funded educational institution, and are therefore subject to **Title IX of the Education Amendments of 1972**, 20 U.S.C. § 1681, et seq., and related federal anti-discrimination statutes.

2. Plaintiff, as a certified teacher employed by the State of North Carolina and assigned to Statesville High School, is protected from discrimination and retaliation based on race, sex, national origin, or any other federally protected characteristic, as well as from adverse employment actions in retaliation for reporting discrimination.

3. Defendants engaged in conduct that constituted unlawful discrimination and/or retaliation under federal law, including but not limited to:

   a. Failing to properly investigate or address allegations against students, while allowing false and conclusory allegations of racial discrimination to be used as a pretext to target Plaintiff;

   b. Attempting to place Plaintiff on administrative leave without proper authority, due process, or factual basis, while knowingly relying on unsubstantiated student complaints;

   c. Interfering with Plaintiff's contractual and professional duties, including grading, parent communication, and classroom management;

   d. Favoring certain students to the detriment of Plaintiff, thereby creating a discriminatory and hostile work environment;

   e. Intentionally or recklessly allowing students and parents to manipulate, threaten, and harass Plaintiff without consequence, based on her exercise of professional judgment and enforcement of classroom policies.

4. The acts and omissions of Defendants were intentional, discriminatory, and/or retaliatory, in violation of **Title IX** and related federal anti-discrimination laws.

17

5. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer:

    a. Emotional distress and reputational harm;
    b. Interference with her contractual rights and professional duties;
    c. Violation of her rights under federal law, including the right to be free from discrimination and retaliation in a federally funded educational program;
    d. Loss of professional opportunity, interference with her employment, and ongoing stress and anxiety.

6. Plaintiff is entitled to all remedies available under federal law, including compensatory damages, equitable relief, and injunctive relief to prevent further violations.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue a permanent injunction prohibiting Defendants from engaging in further discriminatory or retaliatory conduct;

2. Award compensatory and punitive damages for violations of Title IX and federal anti-discrimination law;

3. Grant declaratory relief affirming Plaintiff's rights under Title IX and related federal statutes;

4. Award costs, attorney's fees, and such other relief as this Court deems just and proper.

This the 11th day of December, 2025.


Kathy Reaves
Post Office Box 8806
Columbia, SC 29202-8806

18

# Federal Claims – Damages Table

| Claim | Potential Damages | Defendants | Notes |
|---|---|---|---|
| **Section 1983 – Civil Rights Violations** | Compensatory: emotional distress, mental anguish, reputational harm; Punitive: for willful misconduct by individuals | James, Parker, Berry, Mizelle, Tilley, Hartman, ICBOE, Iredell Statesville Schools | Punitive damages primarily against individuals; compensatory damages against both individuals and district/board |
| **First Amendment Retaliation** | Compensatory: emotional distress, loss of professional reputation, loss of contractual benefits; Punitive damages against responsible individuals | James, Parker, Berry, Mizelle, Tilley | Protects speech rights; retaliatory suspension/administrative leave can form basis for damages |
| **Title IX – Anti-Discrimination** | Compensatory: emotional distress, lost wages or benefits, attorneys' fees; Injunctive relief: reversal of disciplinary actions, grade protection | James, Berry, Mizelle, ICBOE, Iredell Statesville Schools | Applies to gender/race discrimination or hostile environment claims; students' participation in "conspiracy" does not bar relief |

| | | | |
|---|---|---|---|
| **Due Process – 14th Amendment** | Compensatory: emotional distress, lost wages, professional harm; Injunctive: formal notice of disciplinary action, proper process for suspension/administrative leave | James, Parker, Tilley, ICBOE, Iredell Statesville Schools | Damages for procedural violations: improper suspension, lack of notice, lack of hearing |
| **Civil Conspiracy** | Compensatory: emotional distress, reputational harm, lost wages; Punitive for malicious acts | James, Parker, Berry, Mizelle, Tilley, Hartman, Parent Defendants, Students (derivative) | Includes coordinated actions to retaliate against or defame plaintiff |
| **Defamation / Intentional Infliction of Emotional Distress (Federal / §1983 overlap)** | Compensatory: emotional distress, reputational harm; Punitive: for egregious conduct | Students, Parent Defendants, James, Parker, Berry, Mizelle, Tilley | Especially relevant for false claims made to administration or federal authorities about plaintiff's alleged misconduct |

**Notes**

1. **Compensatory damages** cover actual harm: emotional distress, professional harm, reputational harm, and any lost benefits or wages.

2. **Punitive damages** target individuals who acted maliciously, recklessly, or with deliberate indifference.

3. **Injunctive relief** can include:

   - Reversal of administrative leave or suspension

   - Prohibition on grade manipulation

   - Protection of First Amendment rights

   - Mandatory compliance with Title IX procedures

4. **Derivative liability** for students and parents arises primarily in civil conspiracy or defamation contexts.

# FEDERAL CLAIMS TABLE - ALL DEFENDANTS

| Defendant / Party | Alleged Federal Conduct | Federal Claims | Evidence / Documentation | Relevant Federal Law |
|---|---|---|---|---|
| Kathy Reaves | Plaintiff | N/A | N/A | N/A |
| Jeffrey James | Superintendent; failed to supervise employees; allowed retaliatory actions | Negligence (under §1983 for supervisory liability), Civil Conspiracy, First Amendment retaliation, Due Process violations | Emails, HR policies, board contracts, witness statements | 42 U.S.C. §1983; 14th Amendment; First Amendment |
| Chad Parker | Principal; participated in improper administrative leave, interference with grading | Negligence (§1983), Civil Conspiracy, First Amendment retaliation, Due Process violations | Badge records, administrative leave letter, emails | 42 U.S.C. §1983; 14th Amendment; First Amendment |
| Billie Berry | Deputy Superintendent; interfered with GBK grievance, coordinated retaliation | Negligence (§1983), Civil Conspiracy, Title IX retaliation | Emails, HR files, prior employment records | 42 U.S.C. §1983; Title IX |

| | | | | |
|---|---|---|---|---|
| LeVar Mizelle | HR Director; leaked personnel file, interfered with grievance, coordinated retaliation | Negligence (§1983), Civil Conspiracy, Title IX retaliation | Personnel records, emails, GBK grievance attempt | 42 U.S.C. §1983; Title IX |
| Nicolle Tilley | Director Employee Relations; issued improper administrative leave letter, violated due process | Negligence (§1983), Civil Conspiracy, First Amendment retaliation, Due Process violations | Suspension letter, emails, HR policy | 42 U.S.C. §1983; 14th Amendment; First Amendment |
| Lisa Hartman | HR/Administrative; interfered with payroll access during leave | Negligence (§1983), Civil Conspiracy | Payroll records, HR emails | 42 U.S.C. §1983 |
| Iredell Statesville Schools | Allowed retaliation, improper grade interference | Civil Conspiracy, First Amendment retaliation, Title IX violation | Board policies, email correspondence | 42 U.S.C. §1983; First Amendment; Title IX |
| ICBOE | Governing Board; employer of defendants | Negligence (§1983), Civil Conspiracy, Title IX violation | Board policies, contracts | 42 U.S.C. §1983; Title IX |

2

| Students A.B., S.V.P., B.L.M., D.C., D.J., Q.I., J.L. | Staged walkout, alleged racial claims, threatened teacher | First Amendment retaliation, Civil Conspiracy (against teacher as plaintiff) | Incident reports, witness statements | First Amendment; 42 U.S.C. §1983 (against co-conspirators) |
|---|---|---|---|---|
| Parent Defendants) | Failed to control students, contributed to conspiracy | Civil Conspiracy | Incident reports, witness statements | 42 U.S.C. §1983 (if applicable via conspiracy) |

3